Day, J.
The original action was brought by the plaintiff against the defendant, to recover the balance due on a promissory note. The defendant answered that the note in suit was the only one remaining unpaid of several notes given by the defendant’s testator to the plaintiff for a farm; and she avers that said notes were, by mistake, given for five hundred dollars too much, and asks to have the mistake corrected. The plaintiff replied, denying the mistake. This was the issue to be tried, and the case having been ap *85 pealed to the District Court, was, by that court, decided in favor of the defendant, and a decree correcting the mistake was rendered accordingly.
The plaintiff filed a motion for a new trial, on the ground that the finding of the court was against the law and the evidence.
The motion was overruled, and a bill of exceptions embodying all the evidence was taken.
To reverse the judgment rendered by the District Court in favor of the defendant, the plaintiff took the case, by petition in error, to the Supreme Court.
The question for our determination, then, is whether the District Court erfied in finding upon the evidence that there was a mistake in the amount specified in the notes in controversy.
This question, under a well-settled rule, applicable to the review of facts on error, can not be- affirmatively answered, unless the finding was manifestly unwarranted by the evidence. But, in determining whether the finding is supported by the evidence, reference must be had to the character of the issue to be tried, and the degree of evidence required by law to warrant an affirmative finding.
When the reformation of a written instrument is sought on the ground of mistake, the presumption is so strongly in favor of the instrument, that the alleged mistake must be clearly made out by proofs entirely satisfactory, and nothing short of a clear and convincing state of fact, showing the mistake, will warrant the court to interfere with and reform the instrument. This principle rests upon the soundest reason and upon undisputed authority, and if not adhered to by the courts, or, when plainly disregarded, is not enforced by reviewing courts, the security and safety reposed in deliberately written instruments will be frittered away, and they will be left to all the uncertainty incident to the imperfect and “ slippery memory” of witnesses.
The evidence produced by the parties was conflicting, and, viewed in the light of the corroborating circumstances, leaves the mind, to say the least, doubtful of the existence *86 of the mistake alleged. It is quite manifest that the mistake wqs not made out by the clear and convincing proof which the law requires to warrant the finding of a mistake in the instruments in controversy.
This case is distinguishable from that of Clayton and wife v. Freet et al., 10 Ohio St. 544, where the evidence was such as to leave the mind impressed with the belief that the al- • leged mistake existed, and the doubt arose only as to whether it was proven with sufficient clearness. In such a case, the court held the judgment based on the finding of the mistake should not be reversed on error. Rut in this case, the doubt arises, not only as to whether the mistake was proven with sufficient clearness, but as to whether it should be regarded as proved at all, by a fair preponderance of the evidence. However this may be, we think it is manifestly clear, from the evidence, that the court disregarded the rule of law requiring clear proof, and its finding can be sustained only ujion the supposition that it regarded the law as requiring nothing more than a mere preponderance of evidence to warrant a finding in favor of the alleged mistake. We think, therefore, that the court erred in applying the law to the facts of the case, and for that reason should have granted the motion for a new trial.

Judgment reversed and cause remanded.

Scott, Chief Judge, Whitman, Wright, and Johnson, JJ. concurred.